**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-15503 |
| Plaintiff-Appellee, | D.C. Nos.   2:15-cv-01367-WBS<br>2:96-cr-00350-WBS-5 |
| v. | |
| MADY CHAN, AKA Maddy,<br>AKA Mandy, AKA Manny, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before: WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Mady Chan appeals the district court's denial of his Motion to Vacate, Set

Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C.

§ 2255. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

A waiver of a defendant's right to appeal or collaterally attack a conviction does not preclude a subsequent claim of ineffective assistance of counsel in which the defendant calls into question his entry into the agreement that contained the waiver. *Washington v. Lampert*, 422 F.3d 864, 869-70 (9th Cir. 2005). Because Chan argues that he involuntarily and unknowingly entered into the plea agreement that contained the waiver as a result of ineffective assistance of counsel, we have jurisdiction to hear Chan's claim.

Chan's argument fails on the merits, however, because he did not prove that his representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984).

From the outset, as the district court found, Chan expressed primary concern for other family members who had also been charged. Specifically, Chan wanted to obtain dismissal of the charges against other family members and also wanted to preserve a home for his father. Because he was already serving a long sentence for a conviction in the Northern District, avoiding this conviction was of much less significance to Chan than it might have been in other circumstances. The plea agreement represented the most definite means of dismissing the charges against Chan's family members and preserving the home. While a motion to dismiss for a Speedy Trial Act violation could have been pursued, the district court concluded that "there was nevertheless a risk that the court would deny the motion and

2

petitioner would lose the ability to protect his family members." The district court's findings were not clearly erroneous.

A defendant's representation is not "constitutionally defective" because he "lacked a crystal ball" that would "give an accurate prediction of the outcome of [the] case." *Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002). That Warriner did not state that the outcome of a potential dismissal motion was absolutely certain did not render his representation of Chan ineffective. Counsel was only under an obligation to provide Chan with the ability to "make a reasonably informed decision whether to accept a plea offer." *Id.* at 880. Warriner effectively informed Chan of the effect of the plea agreement and, in doing so, provided the necessary information to make an informed decision to accept the plea.

We decline to broaden the scope of the certificate of appealability to include Chan's uncertified claims. The failure to file a motion to dismiss at an earlier point in time did not present a more serious ineffectiveness claim than the claim discussed above. Chan was incarcerated anyway, and it was not unreasonable to let sleeping dogs lie. As for the district court's decision not to hold an evidentiary hearing, Chan did not make a showing that there were additional facts that needed to be developed.

**AFFIRMED.**